UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1192-CAS (AGR) | Date | October 6, 2016 |
|---|---|---|---|
| Title | Damon Earl Franklin v. Los Angeles County Sheriff, et al. | | |

| Present: The Honorable | Alicia G. Rosenberg, United States Magistrate Judge | |
|---|---|---|
| Marine Pogosyan | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
|---|---|
| None | None |

**Proceedings:**      In Chambers:   ORDER TO SHOW CAUSE

　　　The pro se prisoner-plaintiff commenced this civil rights action by filing a complaint on February 22, 2016. He sues Los Angeles County Sheriff Jim McDonnell and a deputy, "John Doe 1." Plaintiff alleges that the deputy's absence from his post on December 1, 2014 allowed a group of other inmates to attack and injure him. On April 25, 2016, McDonnell filed a motion to dismiss (Dkt. No. 9) that is now fully briefed. Plaintiff has not substituted a named defendant for John Doe, who thus remains unserved.

　　　On June 22, 2016, Plaintiff filed a document seeking, among other things, discovery of the "names or name of John Doe or Does . . . or any unnamed and unknown deputy sheriff who was assigned to his post in Dorm 611 . . . on December 1, 2014." (Dkt. No. 15 at 2.) On June 24, 2016, the Court construed this request as an interrogatory directed to McDonnell, deemed served on that day. (Dkt. No. 16.) It is unclear how McDonnell responded, as discovery responses are served but not filed.

　　　John Doe must be either identified and served with process or dismissed from the action.

　　　An "incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint" after "having provided the necessary information to help effectuate service under 28 U.S.C. § 1915 and Fed. R. Civ. P. 4. *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir.1990); *accord, Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir.1994), *abrogated in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)).

　　　When service cannot be accomplished due to the pro se plaintiff's failure to provide sufficient information to identify or locate the defendant, and the plaintiff fails to remedy the situation after being put on notice, dismissal without prejudice is appropriate. *Walker*, 14 F.3d at 1421-22 (holding that prisoner failed to show cause why his claims against prison official should

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-1192-CAS (AGR) | Date | October 6, 2016 |
|---|---|---|---|
| Title | Damon Earl Franklin v. Los Angeles County Sheriff, et al. | | |

not be dismissed under Rule 4(m) when prisoner failed to show "he provided the marshal with sufficient information to serve [the defendant]").

Plaintiff's 90-day period for accomplishing service of process began to run when his complaint was filed on February 22, 2016 and expired months ago.  Fed. R. Civ. P. 4(m).

IT IS ORDERED that Plaintiff shall show cause in writing, ***on or before November 7, 2016,*** why John Doe 1 should not be dismissed from this action without prejudice pursuant to Rule 4(m).  Plaintiff should provide all information he has about John Doe 1 so that Doe, by his true name, can be substituted as a defendant and served with process at a valid address.

Initials of Preparer     mp