O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMON EARL FRANKLIN, <br>     Plaintiff, <br>     v. <br> LOS ANGELES COUNTY SHERIFF, et al., <br>     Defendant. | NO. CV16-1192-CAS (AGR) <br><br> ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the complaint, records on file, the Report and Recommendation of the United States Magistrate Judge ("Report"), Defendant's Request for Judicial Notice and Objections, and Plaintiff's Objection to the Request for Judicial Notice. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Defendant has objected.

After the magistrate judge issued her Report, Defendant for the first time requested that the court take judicial notice that Sheriff McDonnell took the oath of office on December 1, 2014. Defendant attaches a copy of Sheriff McDonnell's biography without any authenticating declaration. (Exh. A to Request.) Plaintiff understandably objects that Defendant's request comes too late and should have been raised in his motion to dismiss the First Amended Complaint ("FAC").

A court may taken judicial notice of "a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201.

On a motion to dismiss, the court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Defendant does not cite authority for the proposition that this court may take judicial notice, on a motion to dismiss, of an official's unauthenticated resume or oath of office. *See Rankel v. Town of Somers*, 999 F. Supp. 2d 527, 538 (S.D.N.Y. 2014) (declining to take judicial notice of Supervisor's oath of office on motion to dismiss); *Agard v. Hill*, 2010 U.S. Dist. LEXIS 114215, *19 (E.D. Cal. Oct. 26, 2010) (declining to take judicial notice of resume).

Moreover, the significance of Sheriff McDonnell's resume for Plaintiff's claims is not only that he took office on December 1, 2014, but that he had "never served inside the LASD" before becoming Sheriff of Los Angeles County. If those facts are true, Defendant argues, Sheriff McDonnell could not have been in a position to be on notice of deficiencies in the jail, or to be responsible, in his individual capacity, for Plaintiff's housing or a ensuring that a deputy was on duty at his or her assigned post at the time Plaintiff was attacked. Although this argument may ultimately have merit, which this Court does not now decide, the Court finds that the resume is not a proper subject of judicial notice.

The Court accepts the findings and recommendation of the Magistrate Judge.

IT IS ORDERED that Sheriff McDonnell's motion to dismiss is granted in part with respect to the Eighth Amendment claims and is otherwise denied.

DATED: July 28, 2017

*/s/ Christina A. Snyder*
CHRISTINA A. SNYDER
United States District Judge

2